IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bobby L. Humphrey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 5599 |
| | ) | |
| Mercantile Adjustment Bureau, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Bobby L. Humphrey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Bobby L. Humphrey ("Humphrey"), is a citizen of the State of West Virginia, from whom Defendant attempted to collect a delinquent consumer debt he had owed for a Juniper Bank/Barclay's credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Mercantile Adjustment Bureau LLC ("Mercantile"), is a New York limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Mercantile was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Humphrey.

5. Defendant Mercantile is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Moreover, Defendant Mercantile is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

## FACTUAL ALLEGATIONS

7. Mr. Humphrey is a disabled veteran with limited assets and income, who fell behind on paying his bills, including a debt for a Juniper Bank/Barclay's credit card that he now allegedly owes to a debt scavenger, Riverwalk Holdings, Ltd. When Defendant Mercantile began collection actions relative to that debt, Mr. Humphrey sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their income is protected from collection.

8. On December 31, 2008, Mr. Humphrey's attorneys at LASPD began trying to fax a letter to Defendant Mercantile to advise it that Mr. Humphrey was represented by counsel as to this debt, and directing Mercantile to cease contacting Mr. Humphrey

and to cease all further collection activities because Mr. Humphrey was forced, by his financial circumstances, to refuse to pay his unsecured debt. Defendant Mercantile fax number was never answered.

9. Accordingly, on January 6, 2009, a paralegal from LAPSD called Defendant Mercantile to advise it that Mr. Humphrey was represented by counsel and to obtain a working number to fax a confirmation of representation and notice to cease collections letter. Defendant Mercantile's debt collector, "Catherine", refused to provide a working fax number, and refused to recognize that LAPSD was representing Mr. Humphrey.

10. Therefore, on January 7, 2009, LASPD mailed its letter of representation and notice to cease collections to Defendant Mercantile, via certified U.S. Mail. A copy of this letter is attached as Exhibit C.

11. Nonetheless, despite being advised that Mr. Humphrey was represented by counsel and that collections were to cease, Defendant Mercantile called Mr. Humphrey at his home on January 15, 2009, to demand payment of the Juniper Bank/Barclay's debt. Mr. Humphrey advised Defendant's debt collector that he was represented as to this debt, and attempted to give the collector LASPD's contact information; however, Defendant Mercantile's debt collector refused to take the information.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, Mr. Humphrey's agent, LASPD, told Defendant Mercantile in writing to cease all collection activities, to cease communications, and that he refused to pay his debts (Exhibit C). By continuing to communicate with Mr. Humphrey and demanding payment of his debt, Defendant Mercantile violated § 1692c(c) of the FDCPA.

17. Defendant Mercantile's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

4

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant knew that Mr. Humphrey was represented by counsel in connection with this debt because his LASPD attorneys had informed Defendant, on the telephone and in writing, that he was represented by counsel, and had directed Defendant to cease all collection activities, and to cease directly communicating with Mr. Humphrey. By directly calling Mr. Humphrey, despite being advised that Mr. Humphrey was represented by counsel, Defendant Mercantile violated § 1692c(a)(2) of the FDCPA.

21. Defendant Mercantile's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Bobby L. Humphrey, prays that this Court:

1. Find that Defendant Mercantile's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Humphrey, and against Defendant Mercantile, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Bobby L. Humphrey, demands trial by jury.

6

        Bobby L. Humphrey,

        By: /s/ David J. Philipps
        One of Plaintiff's Attorneys

Dated:  September 10, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Williams Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com